Joseph A. Gavagah, J.
At a customary sale at auction held by the City of New York at the New York City Center, the defendant was the successful bidder on the premises designated as Lot 9, in Block 6726, Section 20, on the Tax Map of the City of New York for the Borough of Brooklyn. The bid was $21,100. Payment of the check given on the bid was stopped. The premises were resold at $13,000 and this action was brought to recover the deficiency of $8,100. Plaintiff now moves for summary judgment.
The defendant urges that the sale was conducted under most unfavorable and confusing conditions and that the terms of sale were not announced or could not be heard. The notice of sale designated the property by lot and block number, situate at “Avenue L thru to Avenue K, 254 ft. West of East 17th Street, 53x800”. Upon investigation after sale it was discovered that the plot is interior, has no east or west egress *992 to 15th, 16th or 17th Street, and is bounded on the east for a distance of 800 feet by a schoolyard with a high fence and on the west for a distance of 800 feet by the B.M.T. Railroad tracks with a high wall. Egress exists for a distance of 53 feet at each end of the parcel at Avenues K and L. Thus, it is urged, not only the question of use is put into issue, but, in addition, the general rule that principles of equity apply to sales at auction rather than the strict rules of law applying to private contract.
While the suggested rule is often stated to apply to judicial sales made under the supervision of an officer of the court, it is also applied to sales generally made at auction. It was so held in Sohns v. Beavis (200 N. Y. 268). That case was cited with approval in Scala v. Levenson (95 N. Y. S. 2d 850), which involved a judicial sale. It would appear, therefore, that the strict rules of law are relaxed in reference to sales at auction, whether or not judicial. In Ossining Associates v. City of New York (148 N. Y. S. 2d 496) the buyer attempted to rescind and sued to recover the down payment of $75,000. Judgment after trial was awarded dismissing the complaint but it also dismissed the defendant’s counterclaim for the recovery of the deficiency, the difference between the amount paid by the plaintiff, plus the amount received on resale and the bid price of $190,000.
In all the circumstances, a trial is required. The motion is denied.